**EXHIBIT A**

22STCV07025

Electronically FILED by Superior Court of California, County of Los Angeles on 02/25/2022 03:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Miramontes, Deputy Clerk

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Crowley

BELAL GHALEB HAMIDEH (SBN 287248)
**BELAL HAMIDEH LAW, P.C.**
111 W. Ocean Blvd Ste. 424
Long Beach, CA 90802-4633
Phone: 562-276-2140 / Fax: 562-309-8100
Email: BH@BelalHamidehLaw.com

STUART R. FRAENKEL (SBN 173991)
GABRIEL BEUGELMANS (SBN 315377)
**NELSON & FRAENKEL LLP**
601 South Figueroa St. Ste. 2050
Los Angeles, California 90017
Tel.: (844) 622-6469 / Fax: (213) 622-6019
Email: stuart@nflawfirm.com
Email: gbeugelmans@nflawfirm.com

Attorneys for Plaintiff Patsy Moon

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| PATSY MOON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware corporation; and DOES 1-60, inclusive.<br><br>Defendants. | Case No. 22STCV07025<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. NEGLIGENCE<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount demanded exceeds $25,000]<br>[Unlimited Civil Case] |

COMPLAINT FOR DAMAGES - 1

1     Plaintiff, PATSY MOON ("MOON"), individually, by her attorneys, for her complaint against UNITED AIRLINES, INC., a Delaware corporation, ("UNITED"); and DOES 1-60, inclusive (collectively "Defendants"), for damages for personal injury, respectfully alleges as follows:

## PARTIES

1. Plaintiff MOON was and is a citizen of California and a permanent resident of California.

2. Defendant UNITED was and is a Delaware corporation authorized to do business, has regularly done business, and is doing business within the State of California. UNITED was and is a common carrier and is engaged in the business of operating a commercial airline out of various airports throughout the world, including Los Angeles International Airport.

3. Plaintiff is informed and believes and thereon alleges that DOES 1-10 were and are individuals who were members of the flight crew who were responsible for causing injury to Plaintiff.

4. Plaintiff is informed and believes and thereon alleges that DOES 1-10 were and are individual California residents.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times, DOES 1-10 were acting in the course and scope of their employment and/or on behalf of UNITED.

6. The true names and/or capacities, whether individual, corporate, governmental, associate or otherwise of Defendants DOES 1 through 60, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each Defendant fictitiously named herein as a DOE is legally responsible for negligence, strict liability, dangerous condition of public property, and such other occurrences as alleged herein, for the events and damages hereinafter referred to, and which legally thereby caused the injuries and damages to Plaintiff. Plaintiff will ask leave of Court to amend this Complaint to insert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

7. Defendants UNITED, and DOES 1 through 60, inclusive, and each of them (hereinafter from time to time collectively referred to as "Defendants"), when acting as a principal, were negligent in the hiring, supervision, and retention of Defendants. Defendants were the agents, servants, employees, independent contractors, co-conspirators, management companies, subsidiaries and/or joint venturers of the remaining Defendants, and each of them, and were at all times material hereto acting within the authorized course, scope and purpose of said agency and employment, and/or that all of said acts were subsequently performed with the knowledge, acquiescence, ratification and consent of the respective principals, and the benefits thereof accepted by said principals.

## JURISDICTION & VENUE

8. This court has jurisdiction of this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts," and California Code of Civil Procedure section 410.10 because the Defendants reside and/or transact business, and/or the acts complained of herein took place, in California.

9. This court has personal jurisdiction over the Defendants because they have transacted business and engaged in conduct, by affirmative act or omission, in the State of California, such that they reasonably anticipated being subject to personal jurisdiction before the courts of this State.

10. Venue is proper in this Court because all the Defendants reside or do business in this county and/or the acts or omissions giving rise to the claims occurred in Los Angeles County, California.

## FIRST CAUSE OF ACTION

### NEGLIGENCE, INCLUDING COMMON CARRIER

**(Against All Defendants)**

11. Plaintiff hereby incorporates by reference, each and every allegation set forth in paragraphs 1-10 of this Complaint, as though fully set forth herein.

COMPLAINT FOR DAMAGES - 3

12. On or about March 5, 2020, Defendant UNITED, and/or DOES 1 through 20, operated a flight from George Bush Intercontinental Airport Houston ("IAH") in Houston, Texas, with the place of ultimate destination for the contract of carriage being Los Angeles International Airport ("LAX") in Los Angeles, California (hereinafter, the "Subject Flight").

13. On or about March 5, 2020, Plaintiff MOON was a fare paying passenger aboard the Subject Flight pursuant to a ticket for air travel.

14. Plaintiff MOON purchased the ticket for the Subject Flight from Defendant UNITED, and/or DOES 1 through 20.

15. At all material times, Defendant UNITED, and/or DOES 1 through 20, entered into the contract of carriage with Plaintiff MOON and was in control of, and responsible for, her safe transport.

16. Further, at said time and place, Defendants UNITED, and/or DOES 1 through 20, were doing business as common carriers of passengers for compensation. Defendants UNITED, and/or DOES 1 through 20, advertised their services as common carriers to the general public. Defendants UNITED, and/or DOES 1 through 20, were required to use the highest care and vigilance to protect the lives and persons of its passengers, including Plaintiff.

17. At all material times, Plaintiff MOON was seated during the Subject Flight.

18. During the Subject Flight, one of Defendants' flight attendants caused hot liquid to spill onto Plaintiff MOON (the "Incident").

19. Plaintiff MOON immediately experienced severe pain as a result of the Incident.

20. Plaintiff MOON endured the remainder of the flight in severe pain and discomfort.

21. After the subject flight landed in Los Angeles, Plaintiff MOON sought medical treatment.

22. Upon information and belief, at all relevant times, including on March 5, 2020, Defendants, and each of them, breached their duties when they were careless, negligent and

COMPLAINT FOR DAMAGES - 4

reckless, in, among other acts and/or omissions, the maintenance, operation, and control of the circumstances of Plaintiff's transportation while a passenger of UNITED.

23. As a direct and proximate result of the Incident, and actions and inactions of Defendants, and each of them, Plaintiff MOON suffered serious and permanent injuries.

24. As a legal result of the acts and omissions of Defendants, Plaintiff was injured in her health, strength, activity, and everyday well-being. She sustained injuries to her mind and body, shock and injury to her nervous system and person, and great physical, mental and nervous pain and suffering, all of which said injuries have caused, and continue to cause, Plaintiff to suffer damages including, but not limited to, pain, suffering, physical and emotional injuries, and loss of quality of life, in an amount to be determined according to proof at trial.

25. As a direct and proximate result of the Incident and resulting injuries, Plaintiff MOON was compelled to and did employ the services of physicians and other medical personnel; and was compelled to and did incur incidental expenses relative to the care and treatment of said injuries. Plaintiff MOON is informed and believes and thereon alleges that she will be compelled to seek further treatment in the future for care of said injuries and to incur further reasonable bills for the same.

26. As a further direct and proximate result of the Incident, and actions and inactions of Defendants, and each of them, Plaintiff MOON was unable to work, lost wages, earnings and benefits, and is informed and believes and thereon alleges that she will lose future work, wages, earnings and benefits as a result of medical treatment and pain caused by her injuries.

27. As a further legal result of the acts and omissions of Defendants, and each of them, Plaintiff was required to incur other economic losses all in an amount according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff MOON prays for judgment against Defendants, and each of them, as follows:

1. Damages to be awarded in an amount to be determined at trial, including general, special, and compensatory damages;

2. For medical and related expenses in an amount to be determined at trial;
3. For lost earnings, past and future, in an amount to be determined at trial;
4. For interest as allowed by law;
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court deems just and proper.

Dated: February 25, 2022

**NELSON & FRAENKEL LLP**

*/s/ Gabriel Beugelmans*

Stuart R. Fraenkel
Gabriel Beugelmans

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff MOON hereby demands a jury trial.

Dated: February 25, 2022

**NELSON & FRAENKEL LLP**

*/s/ Gabriel Beugelmans*

Stuart R. Fraenkel
Gabriel Beugelmans

*Attorneys for Plaintiff*